IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**ROBERT C. PROKOP,**

        **Plaintiff**

v.                                              Case No. 2:14-cv-27618

**SUPREME COURT OF APPEALS
OF WEST VIRGINIA,**

        **Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

On November 5, 2014, the plaintiff, who is proceeding *pro se*, filed the instant Complaint (ECF No. 1).[1] This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity, and must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(a) and (b). A "frivolous" case has been defined as one which is based on

---

[1] The plaintiff neither paid the applicable $400 filing fee nor filed an Application to Proceed Without Prepayment of Fees and Costs.

an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
>
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded

2

> factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

A district court must also dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Memorial Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Medical Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez*, 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure).

Because the plaintiff's Complaint asserts a claim for relief over which this court lacks subject matter jurisdiction and otherwise fails to state a claim upon which relief may be granted under the standards set forth in *Twombly/Iqbal*, the defendant has not been served with process and should not be required to appear or defend this matter.

## **THE PLAINTIFF'S ALLEGATIONS**

The Complaint alleges that the plaintiff's rights under Article 3, section 14 of the West Virginia Constitution were violated in relation to his appeal of the September 25, 2013 Order of the Circuit Court of Mercer County denying a writ of habeas corpus.[2] The plaintiff's Complaint names the Supreme Court of Appeals of West Virginia (the "SCAWV") as the sole defendant. The Complaint further contains allegations relating to the conduct of the plaintiff's court-appointed counsel in his habeas appeal, alleging that there has been a "complete breakdown of communication between plaintiff and counsel." (ECF No. 1 at 3). The plaintiff seeks an injunction by this federal court "that would

---

[2] The plaintiff also filed a petition for a writ of habeas corpus in this United States District Court on August 20, 2013, which was dismissed on November 25, 2014, pursuant to the abstention doctrine addressed in *Younger v. Harris*, 401 U.S. 37 (1971). *See Prokop v. Francis*, No. 1:14-cv-15847, ECF No. 31 (S.D. W. Va., Nov. 25, 2014) (Faber, J).

effectively halt all proceedings in the case" and requests that the SCAWV "give plaintiff the standard of 4 months to review and refile or file his own brief." (*Id.*)

## ANALYSIS

The plaintiff's Complaint fails to state a claim upon which relief can be granted by this court for several reasons. First, the plaintiff has solely alleged a claim for injunctive relief under the West Virginia Constitution. Such a claim does not arise under federal law in order to convey jurisdiction under 28 U.S.C. § 1331, and the plaintiff does not meet the requirements for jurisdiction based upon diversity of citizenship as addressed in 28 U.S.C. § 1332. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks subject matter jurisdiction over the plaintiff's Complaint.

Furthermore, even if the court could exercise subject matter jurisdiction herein, the plaintiff's request for an injunction halting all state court proceedings is now moot in light of the fact that the plaintiff's habeas corpus appeal proceedings have concluded. *See Prokop v. Francis*, No. 13-1203, 2015 WL 598196 (W. Va. Feb. 6, 2015). The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Regional Jail Authority*, 2011 WL 6024499 *4 (E.D. Va., Dec. 2, 2011) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Moreover, the plaintiff's request that the plaintiff's attorney or the SCAWV provide the plaintiff with copies of the documents filed on his behalf and his request that the

4

SCAWV be required to grant him a four-month period to file or re-file briefs in that court are not only moot, such requests effectively seek mandamus relief against state officials, and a federal writ of mandamus will not lie to compel a state official to perform a duty owed to a petitioner. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee *of the United States or any agency thereof* to perform a duty owed to the plaintiff." [Emphasis added]).

Finally, as noted above, in *Twombly* and *Iqbal*, the Supreme Court held that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the Complaint as true and in the light most favorable to the plaintiff, it does not contain "enough facts to state a claim to relief that is plausible on its face." The plaintiff's Complaint summarily states that his rights have been "grossly violated" under the West Virginia Constitution and does not allege any conduct at all by the SCAWV. Such threadbare and conclusory statements are insufficient to rise above the speculative level. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint does not contain any allegations that could plausibly give rise to an entitlement to relief.

## RECOMMENDATION

For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief can be granted and must be dismissed for lack of jurisdiction. It is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 1), pursuant to the provisions of 28 U.S.C. § 1915A.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

September 20, 2016

Dwane L. Tinsley
United States Magistrate Judge